UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL ANGEL PINEDA EUCEDA,

Petitioner,

v. Case No.: 2:26-cv-02491-SPC-KRH

DAVID HARDIN *et al.*,

Respondents,

______________________________/

## OPINION AND ORDER

Before the Court is Miguel Angel Pineda Euceda's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Pineda Euceda's reply (Doc. 7).

Pineda Euceda is a native of Honduras who entered the United States without inspection in 2005. He has three U.S. citizen children, owns a home in Deerfield, Florida, owns and operates a Florida corporation, and files U.S. tax returns. He has a pending application for asylum and withholding of removal and is eligible for cancellation of removal. Pineda Euceda has no criminal record whatsoever. On August 13, 2026, Border Patrol agents arrested Pineda Euceda without a warrant while conducting immigration enforcement operations. A Border Patrol agent commenced removal proceedings the next day by issuing a notice to appear. In a custody

redetermination hearing held on August 28, 2026, Immigration Judge Frank Pimentel denied bond with this explanation: "Flight risk. De minimis prospect of relief with an 18-year belatedly filed I-589, thus only having the prospect of withholding of removal." (Doc. 6-3 at 1).

Pineda Euceda claims the warrantless arrest and resulting detention violated the Due Process Clause of the Fifth Amendment, the *Accardi*[1] doctrine, and the Administrative Procedures Act. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. § 1226(e) does not apply here because Pineda Euceda does not ask the Court to review a discretionary bond decision or reweigh evidence. Rather, the petition states a bona fide due process claim. The government's response contains no due process analysis, nor does it address the warrantless arrest.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well

[1] *Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The Court finds a clear Fifth Amendment violation here because the government did not afford Pineda Euceda the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The warrant requirement applies to all arrests under § 1226, even though subsection (c) removes some discretion regarding detention. The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added). A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

The government violated Pineda Euceda's right to due process by arresting and detaining him without a warrant and before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025)

Accordingly, it is hereby

**ORDERED**:

Miguel Angel Pineda Euceda's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Pineda Euceda within 24 hours of this Order and facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record